UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 0:22-cv-60298-RAR

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br>Plaintiff,<br>v.<br>AMERICAN VEHICLE PROTECTION CORP., a corporation, *et al.*,<br>Defendants. | PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE CERTAIN PRAYERS FOR RELIEF |

**I.      INTRODUCTION**

As detailed in the Complaint, Defendants operate a deceptive telemarketing scheme that has taken more than $6 million from consumers. Since at least 2018, Defendants have misrepresented their extended automobile warranties to consumers, posing as consumers' car manufacturers or authorized dealers and falsely claiming that consumers can get a full refund of their down payment or full payment within 30 days. Defendants also routinely and knowingly violate federal Do Not Call rules and use illegal remotely created checks to take consumers' money. Defendants have continued their misconduct for years in the face of dozens of consumer complaints from the Better Business Bureau that described Defendants' deceptive practices. As alleged in the Complaint, Defendants' conduct violates Section 5 (15 U.S.C. § 45) of Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 41 *et seq.*, and numerous provisions of the Telemarketing Sales Rule ("TSR"), 16 C.F.R. § 310. To provide redress and protection to consumers for Defendants' past, current, and future misconduct, the Federal Trade Commission ("FTC" or "Commission") seeks from this Court (i) preliminary and permanent injunctive relief under Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), and (ii) the refund of monies paid by consumers under Section 19(a)(1) and (b), 15 U.S.C. § 57b(a)(1) & (b).

In response to the Complaint, Defendants filed a Motion to Dismiss and Strike, [ECF No. 40], challenging the FTC's ability to obtain monetary relief and injunctive relief under Sections 13(b) and 19. Yet binding Eleventh Circuit precedent makes clear that Section 13(b) authorizes the FTC to seek preliminary and permanent injunctive relief without the Commission initiating an administrative proceeding or issuing a cease-and-desist order. Moreover, Section 19(b) expressly authorizes the FTC to seek monetary relief to provide refunds to consumers harmed by Defendants' violations of agency rules, such as the TSR. The Defendants' failure to adequately address—or even mention—controlling Eleventh Circuit precedent is a glaring and futile attempt to distort the Court's understanding of FTC law. Defendants' tactics and arguments should be rejected.

First, Defendants incorrectly assert that relief under Section 19(a)(1) is unavailable for violations of the TSR. As explained below, the TSR was promulgated under the Telemarketing and Consumer Fraud and Abuse Prevention Act, 15 U.S.C. § 6101 *et seq.* (the "Telemarketing Act"), in which Congress expressly authorized that all violations of the TSR could be enforced using the enforcement mechanisms for rule violations set forth in the FTC Act, including Section 19(a)(1).[1] Accordingly, the FTC can seek monetary relief for Defendants' TSR violations pursuant to Section 19(a)(1).

Second, Defendants wrongly assert that Section 13(b) requires the FTC to initiate an administrative proceeding before seeking a permanent injunction in district court. Both Supreme Court and Eleventh Circuit precedents—none of which Defendants acknowledge in their Motion—

---

[1] Section 5 of the FTC Act also authorizes the Commission to seek civil penalties in district court for rule violations. 15 U.S.C. § 45(m)(1)(A).

have repeatedly and consistently held that Section 13(b) authorizes the FTC to obtain a permanent injunction directly in federal court without initiating an administrative proceeding.

Finally, Defendants present several grounds for striking the FTC's prayers for preliminary and permanent injunctions. These arguments are not only baseless but also premature and unripe. Defendants claim that the FTC cannot obtain a preliminary injunction under Section 13(b) without initiating administrative proceedings, despite the fact that this argument has been consistently and repeatedly rejected for decades by numerous federal courts, including the Eleventh Circuit, both before and after *AMG Capital Mgmt., LLC v. FTC*, 141 S. Ct. 1341 (2021), in a host of rulings that Defendants again fail to cite or address. *See, e.g., FTC v. On Point Capital Partners Ltd. Liab. Co.*, 17 F.4th 1066 (11th Cir. 2021) ("Prospective injunctive relief is still allowed [in district court] under § 53(b)" (*citing AMG Capital Mgmt*., 141 S. Ct. at 1347–48).

Moreover, Defendants seek to strike the FTC's request for a permanent injunction by incorrectly claiming that the FTC is seeking an impermissibly vague "obey-the-law" injunction. As explained below, the FTC is not seeking an injunction that simply directs Defendants to "obey the law"; rather, the FTC seeks to enjoin *specific* acts and practices that violate the law. Such an injunction would be both permissible and enforceable, and of the type routinely granted by federal courts in FTC and other governmental enforcement actions. In any event, Defendants' complaints about the nature of the injunctive relief are premature—no preliminary or permanent injunction has yet been recommended or issued for Defendants to complain about.

For these reasons, Defendants' Motion to Dismiss and to Strike should be denied.

## II. STANDARD OF REVIEW

### A. Motion to Dismiss Under Rule 12(b)(6)

A motion brought under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the Complaint, which must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Great Divide Ins. Co. v. First Fleet Truck Sales, Inc.*, No. 18-62838-CIV, 2020 U.S. Dist. LEXIS 110781, at *5 (S.D. Fla. June 23, 2020). "[A] court may dismiss a complaint on a dispositive issue of law." *United States v. All Funds in the Account of Prop. Futures, Inc.*, No. 08-81244-CIV-MARRA/JOHNSON, 2010 U.S. Dist. LEXIS 147660, at *5 (S.D. Fla. Feb. 18, 2010). But the Court must "assume [the] veracity [of the allegations]" and "draw[] all reasonable inferences in favor of the plaintiff." *Ashcroft v. Iqbal*, 556 U.S. 662, 664, 129 S. Ct. 1937, 1941 (2009); *FairWarning IP, LLC v. Iatric Sys., Inc.*, 839 F.3d 1089, 1093 (11th Cir. 2016).

The Complaint need only assert "a demand for the relief sought," Fed. R. Civ. P. 8(a)(3), which is not part of the "claim" to which Rule 8(a)(2)'s pleading requirements apply. *See Hawkins v. Frick-Reid Supply Corp.*, 154 F.2d 88, 89 (5th Cir. 1946). The Court may grant any relief supported by the evidence even if the plaintiff's demand does not expressly seek it. *Id.*; Fed. R. Civ. Proc. 54(c). The threshold to survive a motion to dismiss is "exceedingly low." *Ancata v. Prison Health Services. Inc*., 769 F.2d 700, 703 (11th Cir. 1985) (citations omitted).

### B. Motion to Strike Under Rule 12(f)

Federal Rule of Civil Procedure 12(f) authorizes the court to strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike, however, are "generally disfavored by the court[,]" and "[s]triking allegations from a pleading … 'is a drastic remedy to be resorted to only when required for the purposes of justice'

and only when the stricken allegations have 'no possible relation to the controversy.'" *SEC v. Walker*, No. 20-62564-CIV-SINGHAL, 2021 U.S. Dist. LEXIS 214143, at *3 (S.D. Fla. Aug. 16, 2021) (*quoting Augustus v. Bd. of Pub. Instruction of Escambia County., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962)).

### III. SECTION 19 AUTHORIZES THE FTC TO SEEK CONSUMER REDRESS FOR DEFENDANTS' VIOLATIONS OF THE TSR.

Defendants' argument that relief is unavailable under Section 19 of the FTC Act, 15 U.S.C. § 57b, for TSR violations has been rejected by several district courts, including this Court—yet Defendants fail to directly address these decisions. In any event, their argument should be rejected because Defendants' interpretation of the relevant statutes is erroneous.

The absence in Defendants' Motion of any citations to case law supporting their position is unsurprising, because the statutory language of the Telemarketing Act makes clear that Congress fully intended the Commission to seek monetary relief under the FTC Act for violations of the TSR. The Telemarketing Act directs the FTC to issue rules prohibiting deceptive or abusive telemarketing acts or practices and specifies that "[a]ny violation" of the FTC's rules "shall be treated as a violation of a rule under section 18 of the Federal Trade Commission Act [15 U.S.C. § 57a] regarding unfair or deceptive acts or practices." 15 U.S.C. § 6102(c)(1). Section 18 of the FTC Act authorizes the FTC to issue consumer-protection rules and prescribes procedures by which it may do so. 15 U.S.C. § 57a. Section 6102(c)(1)'s text expressly authorizes the FTC to enforce the TSR as it would enforce any rule issued under the FTC Act itself, including by initiating suit in federal district court under Section 19(a)(1). *FTC v. Simple Health Plans LLC*, No. 18-cv-62593-GAYLES, 2021 U.S. Dist. LEXIS 168244, at *8–9 (S.D. Fla. Sep. 5, 2021) ("a violation of the TSR is treated the same as a violation of a rule promulgated under the Act. … Based on the plain language of § 19(a)(1), the Commission may proceed directly to court when a

person violates certain rules without first conducting an administrative proceeding....."); *see also FTC v. Hanley*, Nos. 20-15143 & 20-15144, 2022 U.S. App. LEXIS 1632 at *2 (9th Cir. Jan. 20, 2022) (applying this principle in an analogous situation, holding that a regulation promulgated under the Dodd-Frank Act was enforceable under Section 19(a)(1) because the statute provided that the FTC could enforce these rules under the FTC Act). Further, *Defendants conveniently ignore conclusive statutory language and omit it from their Motion*—namely, Section 6105(b) of the Telemarketing Act, which provides:

> The Commission shall prevent any person from violating a rule of the Commission under section 3 [15 U.S.C. § 6102] in the same manner, by the same means, and with the same jurisdiction, powers, and duties as though all applicable terms and provisions of the Federal Trade Commission Act (15 U.S.C. § 41 *et seq.*) were incorporated into and made a part of this Act. Any person who violates such rule shall be subject to the penalties and entitled to the privileges and immunities provided in the Federal Trade Commission Act (15 U.S.C. § 41 *et seq.*) in the same manner, by the same means, and with the same jurisdiction, power, and duties as though all applicable terms and provisions of the Federal Trade Commission Act (15 U.S.C. § 41 *et seq.*) were incorporated into and made a part of this Act.

15 U.S.C.S. § 6105(b). The Telemarketing Act, therefore, incorporates Section 19 of the FTC Act and, accordingly, any violation of a rule promulgated under the Telemarketing Act (e.g., the TSR) is enforceable under Section 19(a)(1).

In short, Sections 6102(c) and 6105(b) of the Telemarketing Act, taken together, make clear that Congress intended federal courts to have all the enforcement tools and remedies set forth in the FTC Act to address Telemarketing-Act-rule violations—including (among other things), Section 19(a)(1)'s authority to award monetary relief without an administrative proceeding.

### IV. SECTION 13(b) AUTHORIZES THE FTC TO SEEK INJUNCTIVE RELIEF WITHOUT INITIATING AN ADMINISTRATIVE PROCEEDING.

Defendants' second argument for dismissal—also rejected by courts in prior FTC cases—is essentially that the FTC may proceed directly to the district court to seek an injunction only

6

while administrative enforcement proceedings are contemplated or pending or concluded with a cease-and-desist order. [Motion at 16; *see also* Motion at 12–13]. Defendants' argument is not only wrong, but also foreclosed by binding Eleventh Circuit precedent that Defendants failed to address or even cite in their Motion. *See FTC v. U.S. Oil & Gas Corp*., 748 F.2d 1431, 1434 (11th Cir. 1984) (holding, citing two appellate court opinions, that "Congress did not limit the court's powers under the final proviso of § 13(b) [concerning permanent injunctions issued by district courts] and as a result this Court's inherent equitable powers may be employed to issue a preliminary injunction … during the pendency of an action for permanent injunctive relief [wholly independent of an administrative proceeding]"); *see also FTC v. USA Fin., LLC*, 415 F. App'x 970, 975 (11th Cir. 2011) (upholding grant of permanent injunction for violations of Section 5 of the FTC Act and the TSR, in a case filed directly in district court without administrative proceedings) (*per curiam*).

Furthermore, the Eleventh Circuit recently affirmed this proposition, post-*AMG*, that Section 13(b) authorizes the FTC to seek injunctions in district court, independent of any administrative proceeding or order, whenever any law enforced by the Commission is likely to be continued to be violated. *FTC v. On Point Capital Partners Ltd. Liab. Co*., 17 F.4th 1066, 1079 (11th Cir. 2021) ("Prospective injunctive relief is still allowed under § 53(b*). …* Under the FTCA, a district court may grant a preliminary injunction in an enforcement action by the FTC…") (*citing AMG Capital Mgmt*., 141 S. Ct. at 1348 (2021)). Indeed, the U.S. Supreme Court recognized that the permanent injunction proviso of Section 13(b) can "be read … as granting authority for the Commission to go one step beyond the provisional and ('in proper cases') dispense with administrative proceedings to seek what the words literally say (namely, an *injunction*)." *AMG Capital Mgmt*., 141 S. Ct. at 1348 (emphasis in original). It further stated that "the Commission

7

may use § 13(b) to obtain injunctive relief while administrative proceedings are foreseen or in progress, *or when it seeks only injunctive relief*." *Id*. at 1349 (emphasis added).

The Eleventh Circuit precedents are controlling here. *See Springer v. Wal-Mart Assocs. Group Health Plan*, 908 F.2d 897, 900 n.1 (11th Cir. 1990) ("the district court is bound by controlling Eleventh Circuit precedent"). This Court simply lacks authority to dismiss on this basis.

### V. THE FTC'S PRAYER FOR PRELIMINARY INJUNCTIVE RELIEF ANCILLARY TO A PERMANENT INJUNCTION UNDER SECTION 13(B) SHOULD NOT BE STRICKEN.

Rule 12(f) only authorizes the court to strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," yet Defendants offer no basis for this extreme remedy and fail even to identify upon which ground they seek to strike the FTC's prayer for preliminary injunctive relief. Defendants' argument that "Congress did not authorize … an implied remedy when it outlined a specific procedure … to obtain preliminary injunctive relief," [Motion at 19], is also foreclosed by the same binding Circuit precedents cited above. *FTC v. U.S. Oil & Gas Corp.*, 748 F.2d 1431, 1434–35 (11th Cir. 1984) ("the preliminary injunction issued here [under Section 13(b), without administrative proceedings] was founded on the Court's equitable powers to provide relief ancillary to the Commission's complaint for permanent injunction"). Moreover, the Eleventh Circuit recently re-affirmed a district court's ability to issue a preliminary injunction in *FTC v. On Point Capital Partners Ltd. Liab. Co.*, 17 F.4th 1066 (11th Cir. 2021). In that ruling, issued after *AMG*, the Eleventh Circuit kept in place a preliminary injunction in an action based solely on Section 13(b).[2] Defendants' first argument to strike, therefore, must be rejected by this Court.

---

[2] In *On Point*, the Eleventh Circuit only vacated portions of the preliminary injunction issued before *AMG* that imposed an asset freeze and receivership. The Eleventh Circuit noted (and the FTC did not contest) that those portions of the preliminary injunction were no longer viable

8

## VI.     THE FTC'S PRAYER FOR PERMANENT INJUNCTIVE RELIEF SHOULD NOT BE STRICKEN.

Defendants cannot point to any legal support for their claim that the FTC's prayer for permanent injunctive relief should be stricken. First, Defendants illogically conclude that a permanent injunction in this case can only amount to an unenforceable "obey-the-law" injunction; second, Defendants complain that they must litigate this case to determine "what the contours of the injunction the FTC seeks really are[,]" [Motion at 20]—even though Defendants engaged in consent negotiations with the FTC about the contours of this very injunctive relief for weeks.[3] Defendants' argument is not only premature and speculative, it is also legally unsupported.

First, the argument is premature: Defendants have nothing to complain about because no injunction yet has been recommended or issued. If and when Defendants are found liable and subject to a judgment, Defendants can then seek to address the precise form of any relief, the Court will have an opportunity to craft an appropriate judgment, and Defendants will have an opportunity to appeal the final judgment. *See SEC v. Graham*, 823 F.3d 1357, 1364 n.2 (11th Cir. 2016) ("it is premature to review the precise nature of the injunction because, at this stage, the district court has issued no injunction for us to evaluate").

Second, Defendants have no basis to speculate that only an unenforceable "obey-the-law" injunction could result from the FTC's successful prosecution of this action. "An obey-the-law injunction prohibits not merely some adequately identified act or omission that is against the law (which is a permissible prohibition) but prohibits every act or omission (or a broad encompassing array of acts or omissions), even though unidentified or only generically identified, if contrary to

---

because the FTC no longer had a viable basis to seek monetary relief due to the Supreme Court's ruling in *AMG*. But the Eleventh Circuit left the other portions of the preliminary injunction intact.
[3] Defendants' claimed ignorance is feigned and disingenuous: before filing its Complaint, the FTC presented a proposed stipulated final order to Defendants that outlined the precise terms of the injunctive relief it would seek in this action.

a stated law or laws (which is an impermissibly broad prohibition)." *SEC v. Sky Way Glob., LLC*, 710 F. Supp. 2d 1274, 1287–88 (M.D. Fla. Sept. 1, 2010). However, an injunction prohibiting Defendants from specific conduct that also happens to violate the law (*e.g.*, a prohibition against Defendants from making misrepresentations about their affiliations with car manufacturers) is sufficiently detailed and proper, even though such conduct also is undoubtedly a Section 5 or a TSR violation. *See id.* Further, district courts have recognized that "the FTC (with relative ease and efficiency) consistently proposes a reasonably detailed injunction that prohibits the same category of act or acts as those warranting an injunction in the first instance. … The FTC [has demonstrated that it] can effectively protect the public interest with a reasonably detailed, appropriately refined permanent injunction (that does more than simply track the language of the FTC Act)…." *Id.* at 1288.

Finally, Defendants are not entitled to, and the FTC is under no duty to provide, notice in the Complaint of the precise contours of the permanent injunction sought (which will be honed in discovery), because the applicable pleading standards do not require it. Instead, the FTC need only assert facts sufficient to show jurisdiction and a plausible entitlement to relief, and the Court is free to issue whatever relief is warranted by the evidence *regardless of the prayer for relief. See* Fed. R. Civ. P. 8(a)(3) (complaint need only assert "a demand for the relief sought"). As explained in the Wright & Miller treatise:

> Rule 8(a)(3) does not require a party to frame the demand for judgment according to a prescribed form or set of particular words; *any concise statement identifying the remedies and the parties against whom relief is sought will be sufficient*. … The sufficiency of a pleading is tested by the Rule 8(a)(2) statement of the claim for relief and *the demand for judgment is not considered part of the claim for that purpose*.… Nor is the court limited by the demand for judgment if a deviation seems appropriate at any point after the interposition of the pleading. … [U]nder Federal Rule of Civil Procedure 54(c), *except in default judgment cases, the district court may grant any relief to which the evidence shows a party is entitled, even though that party has failed to request the appropriate remedy or remedies in his pleading*.

5 Fed. Prac. & Proc. Civ. § 1255 (4th ed.) (emphasis added; footnote references omitted).

Numerous federal decisions repeat the same basic principles. *E.g., Dingxi Longhai Dairy, Ltd. v. Becwood Tech. Grp. LLC*, 635 F.3d 1106, 1108 (8th Cir. 2011) (same, quoting Wright & Miller, 5 Fed. Prac. & Proc. Civ. 3d § 1255 at 508–09 (3d ed.2004)); *Hawkins v. Frick-Reid Supply Corp.*, 154 F.2d 88, 89 (5th Cir. 1946) ("every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings. Accordingly, a complaint is sufficient if it sets forth facts which show that the plaintiff is entitled to any relief which the court can grant") (internal punctuation and citations omitted); *Lewis v. Ceralvo Holdings, LLC*, No. 4:11-CV-00055-JHM, 2012 U.S. Dist. LEXIS 1733 at *19 (W.D. Ky. Jan. 6, 2012) ("the[] request for an injunction … is not a free standing claim, it is a form of relief that can be requested. … As such, the Plaintiffs' request for an injunction must be pled according to Fed.R.Civ.P. 8(a)(3), which requires only "a demand for relief sought," not the more stringent standard of Fed.R.Civ.P. 8(a)(2)"); *see also Hoewischer v. Cedar Bend Club, Inc.*, 877 F. Supp. 2d 1212, 1220, 1224–25 (M.D. Fla. May 1, 2012) (plaintiff need only make "a sufficient allegation of an actual injury in fact" by showing "the [factual] grounds of … entitlement to relief" or "sufficient facts to infer there would be no disservice to the public if [the plaintiff] were to prevail … and a permanent injunction were entered").

Defendants' arguments for striking a portion of the prayer are completely meritless. The Motion to Strike should be denied.

### VII.   CONCLUSION

For all the foregoing reasons, Defendants' Motion to Dismiss and Strike should be denied.

Dated: April 7, 2022                                       Respectfully submitted,


                                                                                            /s/ Harold E. Kirtz
                                                      HAROLD E. KIRTZ, Trial Counsel
Florida Special Bar Number A5500743
HANS CLAUSEN, Trial Counsel
Florida Special Bar Number A5502378
Federal Trade Commission
Southeast Region
225 Peachtree Street, Suite 1500
Atlanta, Georgia 30303
Phone: 404-656-1357 (Kirtz)
          770-789-9378 (Kirtz mobile)
          404-656-1361 (Clausen)
Fax: 404-656-1379
E-mail: hkirtz@ftc.gov
          hclausen@ftc.gov

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION