## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| FEDERAL TRADE COMMISSION<br><br>       Plaintiff,<br><br>v.<br><br>AMERICAN VEHICLE PROTECTION CORP., *et al.*,<br><br>       Defendants | No. 22-cv-60298<br>(consolidated with No. 22-cv-60301) |
| AMERICAN VEHICLE PROTECTION CORP., *et al.*<br><br>       Plaintiffs,<br><br>v.<br><br>FEDERAL TRADE COMMISSION,<br><br>       Defendant. | |

## REPLY MEMORANDUM IN SUPPORT OF FTC'S
## MOTION TO DISMISS AVP'S FIRST AMENDED COMPLAINT

The Federal Trade Commission has sued AVP for operating a deceptive telemarketing scam. Rather than simply defending against the FTC's enforcement action, AVP seeks to circumvent that lawsuit by suing the Commission under the Administrative Procedure Act and the Declaratory Judgment Act, reframing its defenses as affirmative claims for relief. As we showed in our opening brief, AVP is far from the first litigant to attempt this tactic. Courts routinely dismiss nearly identical claims against the FTC and other agencies for lack of subject-matter jurisdiction. *See, e.g.*, *Buntrock v. SEC*, 347 F.3d 995, 997 (7th Cir. 2003); *Endo Pharms, Inc. v. FTC*, 345 F. Supp. 3d 554, 566 (E.D. Pa. 2018); *Am. Fin. Benefits Ctr. v. FTC*, No. 17-cv-4817, 2018 U.S. Dist. LEXIS 107004 (N.D. Cal. May 29, 2018); *Nerium Int'l, LLC v. FTC*, No. 19-c-7189, 2020 U.S. Dist. LEXIS 158556 (N.D. Ill. Aug. 31, 2020). AVP's opposition does not even mention, let alone attempt to distinguish any of these cases. Nor has it identified a single

case in which a court has entertained this kind of collateral challenge to an agency enforcement action. That is not surprising. As the Seventh Circuit has held, these kinds of efforts to derail agency enforcement proceeding by suing the agency have "no basis in law or common sense" and indeed are "seriously frivolous." *Buntrock*, 347 F.3d at 997. AVP's complaint must be dismissed.

I.    **The APA Claims Must Be Dismissed.**

We showed in our opening brief that AVP's claims under the Administrative Procedure Act (Counts I-IV) must be dismissed because they satisfy neither of the prerequisites for APA review: AVP is not challenging a "final agency action," and in any event AVP has another adequate remedy in court. In addition, Count I, which challenges the Commission's decision to file the enforcement action, is not reviewable because such prosecutorial decisions are "committed to agency discretion by law." 5 U.S.C. § 701(a)(2). AVP's responses to each of these points falls flat.

A.    <u>Finality</u>. As discussed in our opening brief, the Commission's decision to bring an enforcement action in federal district court is not a "final agency action" that can be challenged under the APA. Numerous courts have so held.[1] *See Endo*, 345 F. Supp. 3d at 560-61; *Am. Fin. Benefits*, 2018 U.S. Dist. LEXIS 107004, at *20-23; *Nerium*, 2020 U.S. Dist. LEXIS 158556, at *11-13. AVP acknowledges none of these decisions.

---

[1] In questioning whether the finality requirement is jurisdictional (Br. 2 n.1), AVP fails to recognize that Eleventh Circuit law holds that it is. *See, e.g.*, *Nat'l Parks Conservation Ass'n v. Norton*, 324 F.3d 1229, 1236 (11th Cir. 2003) ("[F]ederal jurisdiction is … lacking when the administrative action in question is not 'final' within the meaning of 5 U.S.C. § 704"). In any event, as AVP appears to acknowledge, the question makes no difference here. If lack of finality were not jurisdictional, the complaint would need to be dismissed anyway for failure to state a claim.

AVP also is not aided by its conclusory assertions (Br. 4-5) that the facts here satisfy the two-part test of *Bennett v. Spear*, 520 U.S. 154 (1997). *Bennett* held that an agency action is final when the action (1) marks "the consummation of the agency's decisionmaking process" and (2) is an action "by which rights and obligations have been determined, or from which legal consequence will flow." *Id.* at 177-78. As discussed in our opening brief, the Commission's only "decision" thus far is that the evidence AVP is operating an illegal scam is sufficient to warrant the filing of a district court complaint. That is not the consummation of a decisionmaking process, but the initiation of a litigation process in which the final decision will be made.

And in any case, AVP's factual allegations plainly fail the second prong of *Bennett* because the mere filing of a lawsuit does not determine rights or obligations or impose legal consequences. As the Supreme Court explained in *FTC v. Standard Oil Co.*, 449 U.S. 232 (1980), filing a complaint is not final because it has no "legal or practical effect, except to impose upon [the respondent] the burden of responding to the charges against it." *Id.* at 242. Even where this burden is "substantial," it is "different in kind and legal effect from the burdens attending what heretofore has been considered to be final agency action." *Id.* Although *Standard Oil* involved the filing of an administrative complaint, this reasoning applies equally to FTC complaints filed in district court. Courts have consistently held that under *Standard Oil*, the FTC's filing of a district court complaint is not final agency action. In *Endo*, for example, the court relied on *Standard Oil* for its holding that filing a lawsuit "is not final because it does not determine any rights or obligations and has no legal consequences." 345 F. Supp. 3d at 560. Likewise in *Nerium*, the court followed *Standard Oil* and held that filing an enforcement action was nonfinal because it "does not determine the rights or obligations of the involved parties." 2020 U.S. Dist. LEXIS at *11. And in *American Financial Benefits*, the court squarely held that

3

where the FTC filed an enforcement action in district court, "the circumstances … are similar to those in *Standard Oil*, and its holding controls." 2018 U.S. Dist. LEXIS 107004.

AVP also makes the nonsensical argument that if the filing of a lawsuit were not deemed final agency action, the FTC could "effectively insulate all of its enforcement actions from judicial review." Br. 4. But a lawsuit, by definition, is filed in court. A judge will therefore assess the sufficiency of the FTC's complaint, and the FTC ultimately must prove each of its allegations to the court's satisfaction. By contrast, allowing defendants to preemptively sue the government for a decision to commence a legal proceeding would open the door to all sorts of undesirable consequences. For example, under AVP's logic, a criminal defendant could sue a federal prosecutor under the APA to challenge the basis for an indictment. This is exactly what the Supreme Court meant in *Standard Oil* when it warned against using the APA review procedure as "a means of turning prosecutor into defendant." 449 U.S. at 243. For good reason, the law does not permit such collateral challenges. Instead, a defendant's remedy—whether the case against it is criminal or civil—is simply to defend against the government's allegations.

Finally, AVP gets no help from *FTC v. National Urological Grp*, No. 1:04 cv-3294, 2005 U.S. Dist. LEXIS 57382 (N.D. Ga. June 24, 2005). The court there did not allow a declaratory judgment case against the FTC to go forward. Just the opposite—in a later opinion not mentioned by AVP, the court held that the FTC's filing of an enforcement action was committed to agency discretion and not reviewable under the APA. *FTC v. Nat'l Urological Grp.*, No. 1:04 cv-3294, 2005 U.S. Dist. LEXIS 57382, at *47 (N.D. Ga. June 24, 2005). To the extent that the earlier decision treated the filing of the lawsuit as a final agency action, it is wrong and outside the judicial mainstream for the reasons discussed above.

B.	Adequate Alternative Remedies. APA judicial review is available only for final agency actions "for which there is no other adequate remedy in a court." 5 U.S.C. § 704. We showed in our motion to dismiss that AVP cannot satisfy this prerequisite because all of the claims in Counts I to IV of its complaint could be raised as defenses in the enforcement action. The only argument AVP makes in its opposition concerns Count I, which alleges that the Commission acted arbitrarily and capriciously by filing a lawsuit when the Commission did not have reason to believe AVP was violating the law or that an injunction would be in the public interest. Compl. ¶¶ 32, 34. But even there, AVP concedes that it could raise these arguments as defenses to the FTC's complaint. Br. 6 ("Certainly, a factual defense would allow [AVP] to challenge *whether* the FTC had a reason to believe."). That is precisely why AVP has an adequate alternative remedy in the enforcement case.

AVP is mistaken in contending that APA review would somehow enable a more searching review of its challenge to the Commission's lawsuit. Br. 6. To the contrary, in APA review, the "standard of review is narrow and deferential to the agency's conclusions," and the court "may not substitute its judgment for that of the agency." *Arango v. United States Dep't of the Treasury*, 115 F.3d 922, 928 (11th Cir. 1997). By contrast, in reviewing the sufficiency of the FTC's district court complaint and the evidence it mounts in support of those claims, the court must make its own independent determination without deference to the agency.

Nor is AVP correct in asserting (Br. 6) that APA review would enable discovery into the Commission's decisionmaking process. No discovery is permitted in APA review actions absent a strong showing of bad faith or improper behavior by the agency, which AVP cannot show. *See Ala.-Tombigbee Rivers Coal. v. Kempthorne*, 477 F.3d 1250, 1262 (11th Cir. 2007). To the extent AVP wants to know the factual basis for the Commission's belief that AVP is engaged in

an illegal telemarketing scam, the Commission's complaint sets forth those facts in detail. Moreover, all of the underlying evidence gathered by FTC staff as part of its investigation (*e.g.*, declarations from injured consumers) supporting those allegations will be produced in discovery in the enforcement action.

        C.      <u>Committed to Agency Discretion</u>. An administrative agency's decision to bring (or not bring) an enforcement proceeding is the textbook matter committed to agency discretion. *See, e.g.*, *Heckler v. Chaney*, 470 U.S. 821, 837-38 (1985). As noted above, at least one court has so held in the specific context of an FTC enforcement action. *Nat'l Urological Grp.*, 2006 U.S. Dist. LEXIS 103082, at *11-14. As the court explained there, the provisions of Section 13(b) that "allow[] the FTC to bring suit if it has 'reason to believe' that a violation of the Act is occurring or about to occur and it believes that the proceeding will be in the 'public interest' … do not furnish the court with a meaningful standard by which to measure the lawfulness of FTC's actions." *Id.* at *13.

    *Animal Legal Defense Fund v. United States Dep't of Agriculture*, 789 F.3d 1206 (11th Cir. 2015), which AVP cites (Br. 8), is not to the contrary. That case did not involve a challenge to an agency decision to bring an enforcement proceeding, but a challenge to the agency's renewal of a business's license. Indeed, the court distinguished the case before it from a challenge to an agency's decision not to bring an enforcement action, which is "presumed immune from judicial review." *Id.* at 1214.

**II.**    **The Declaratory Judgment Act Claims Must Be Dismissed.**

    There is likewise no merit to AVP's arguments that the Court may exercise jurisdiction over its Declaratory Judgment Act claims (Counts V-VII).

A. <u>Lack of Finality Is Fatal to the Declaratory Judgment Act Claims</u>. As shown in our opening brief, plaintiffs cannot use the Declaratory Judgment Act to circumvent the requirements of the APA. For example, in *Volvo GM Heavy Truck Corp. v. United States Dep't of Labor*, 118 F.3d 205 (4th Cir. 1997), a government agency filed an administrative complaint against a company, and the company then sued the agency under both the APA and the Declaratory Judgment Act. *Id.* at 207. The Fourth Circuit upheld dismissal of the company's APA claim, noting that the company failed to exhaust its administrative remedies; and the court further held that because a party cannot use the Declaratory Judgment Act to bypass APA requirements, the company's declaratory judgment claim was also properly dismissed. *Id.* at 210. Although *Volvo* involved exhaustion rather than finality, that distinction is immaterial to the underlying principle.

Similarly, in *General Finance Co. v. FTC*, 700 F.2d 366 (7th Cir. 1983), the FTC filed suit against several defendants to enforce investigative subpoenas, and the target companies filed a separate action for a declaratory judgment and injunction to block the FTC's investigation. *Id.* at 367-68. The Seventh Circuit affirmed the dismissal of the declaratory judgment action, holding that a plaintiff "may not bypass the specific method Congress has provided for reviewing adverse agency action"—*i.e.*, the APA—"simply by suing the agency in federal court" under other statutes because "the specific statutory method, if adequate, is exclusive." *Id.* at 368. AVP is wrong, Br. 11, that *General Finance* has no bearing here. In fact, despite procedural differences, the case involved a situation directly analogous to this case, where the plaintiffs sued the agency for a declaratory judgment in an effort to end-run an agency enforcement lawsuit.

The recent district court decisions dismissing declaratory judgment claims against the FTC have reached the same conclusion by a slightly different route. They have framed the issue

as one of ripeness under *Abbott Laboratories v. Gardner*, 387 U.S. 136 (1967). Under *Abbott*, an issue is not ripe unless (among other things) it involves a final agency action. *Id.* at 149. Accordingly, courts have held that the lack of APA finality required dismissal of the Declaratory Judgment Act claims as well. *Endo*, 345 F. Supp. 3d at 563; *Nerium*, 2020 U.S. Dist. LEXIS 158556, at *16; *Am. Fin. Benefits*, 2018 U.S. Dist. LEXIS 107004, at *27. It does not matter which of these approaches this Court follows; either way, the lack of APA finality is also fatal to the Declaratory Judgment Act Claims.

      B.     <u>AVP Cannot Satisfy the Hardship Requirement of the Ripeness Test</u>. Under *Abbott*, ripeness turns partly on "the hardship to the parties of withholding court consideration." *Abbott Labs.*, 387 U.S. at 149. In this case, as we have shown, AVP will suffer no hardship if this Court does not entertain its declaratory judgment claims because the exact same issues can be resolved as part of the FTC's enforcement action.. Although AVP asserts that it will "suffer harm by not being able to prosecute their DJA counts according to [AVP's] own strategy and timing" (Br. 13), such considerations do not amount to a legally cognizable hardship. *See Standard Oil*, 449 U.S. at 242. And in any case AVP's motion to dismiss the FTC complaint has *already* raised all of the legal issues that form the basis for AVP's declaratory judgment claims

      C.     <u>The Court Cannot Offer an Advisory Opinion on Preliminary Relief</u>. Count VII of the complaint seeks a declaration that the FTC cannot obtain a preliminary injunction. Although Eleventh Circuit law is clearly to the contrary, *see FTC v. On Point Capital Partners, LLC*, 17 F.4th 1066, 1084 (11th Cir. 2021), as we discussed in our opening memorandum, that issue is not ripe because the FTC has not moved for a preliminary injunction and has no immediate plans to do so. The law is clear that the Declaratory Judgment Act "may not be made the medium for securing an advisory opinion in a controversy which has not arisen.") *See Coffman v. Breeze*

*Corps.*, 323 U.S. 316, 324 (1945). If the FTC does move for a preliminary injunction, AVP will be free to make any legal arguments it wants as to why the Court lacks authority to grant such relief, but until and unless that happens this is not a live issue.

      D.    <u>Alternatively, the Court Should Decline To Entertain Declaratory Judgment Claims</u>. AVP does not dispute that the issuance of a declaratory judgment issue is always discretionary. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995); *see also Endo*, 345 F. Supp. 3d at 563 (even if case was ripe, court would decline to exercise jurisdiction). In this case, there is no legitimate reason to for the Court to entertain declaratory judgment claims when the same legal issues are before it and will be resolved in the FTC's enforcement action. AVP's apparent motivation for raising these as separate arguments is to circumvent the rule that only final decisions generally may be appealed. *See* 28 U.S.C. § 1291. If the Court rejects AVP's legal arguments in the enforcement action, AVP would have to wait until the end of the case to appeal. But a declaratory judgment ruling rejecting the very same arguments could be appealed immediately. The result would be piecemeal litigation of a single dispute in two different courts—exactly what the final judgment rule is designed to avoid. Notably, AVP does not deny that this is the reason it filed a separate action. But as the Seventh Circuit has explained, a litigant "cannot expand the appealability of interlocutory orders" or "circumvent the limitations on appealability by recycling defenses as claims so that the rejection of a defense will be a final order in a separate case." *Buntrock*, 347 F.3d at 997. The Court should reject AVP's efforts at procedural gamesmanship.

## CONCLUSION

AVP's first amended complaint must be dismissed for lack of subject-matter jurisdiction.

        Respectfully submitted,

        JOEL MARCUS
          *Deputy General Counsel*

        /s/ Matthew M. Hoffman
        MATTHEW M. HOFFMAN
          *Attorney*

        FEDERAL TRADE COMMISSION
        600 Pennsylvania Ave., N.W.
        Washington, DC 20580
        Tel: (202) 326-3097
        Fax: (202) 326-2477
        E-mail: mhoffman@ftc.gov

May 9, 2022

## CERTIFICATE OF SERVICE

      I certify that on May 9, 2022, I filed the foregoing using the Court's CM/ECF system, which will electronically serve all counsel of record.

                                                /s/ Matthew M. Hoffman
                                                Matthew M. Hoffman