UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:22-cv-60298-RAR

**FEDERAL TRADE COMMISSION,**

    Plaintiff,

    v.

**AMERICAN VEHICLE PROTECTION CORP.**, a corporation,

**CG3 SOLUTIONS INC.**, also d/b/a MY PROTECTION PLAN INC., a corporation,

**TONY ALLEN GONZALEZ**, individually and as an owner, officer, and/or manager of American Vehicle Protection Corp., CG3 Solutions Inc., and Tony Gonzalez Consulting Group, Inc.

**TONY GONZALEZ CONSULTING GROUP, INC.**, also d/b/a THE GONZALEZ GROUP, a corporation,

**CHARLES GONZALEZ**, individually and as an owner, officer, and/or manager of American Vehicle Protection Corp. and of CG3 Solutions Inc.,

**DANIEL KOLE**, individually and as an owner, officer, and/or manager of American Vehicle Protection Corp. and of Kole Consulting Group, Inc.

**KOLE CONSULTING GROUP, INC.**, a corporation,

    Defendants.

## DEFENDANTS' ANSWER TO COMPLAINT

Defendants Daniel Kole ("Kole") and Kole Consulting Group, Inc. ("KCG") (collectively, "Defendants"), by and through their counsel, file this Answer to the Complaint for Permanent Injunction, Monetary Relief, and Other Relief ("Complaint") filed by Plaintiff Federal Trade Commission ("FTC"), and state as follows:

1. Paragraph 1 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the same. Defendants specifically deny that they violated Section 5(a) of the FTC Act, 15 U.S.C. §45(a), or Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310.

2. Defendants admit in part and deny in part the allegations contained in Paragraph 2 of the Complaint. Defendants admit that consumers can obtain a refund within 30 days if they are not satisfied and that the cost of the warranties are generally between $2,800 and $3,400. Defendants deny all other allegations contained in Paragraph 2 of the Complaint and demand strict proof thereof.

3. Defendants lack information sufficient to admit or deny the allegations contained in Paragraph 3 of the Complaint. To the extent an answer is required, Defendants deny the same.

4. Paragraph 4 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the same.

5. Paragraph 5 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the same.

6. Defendants lack information sufficient to admit or deny the allegations in Paragraph 6 of the Complaint. To the extent an answer is required, Defendants deny the same.

7. The allegations in Paragraph 7 of the Complaint are directed to other named defendants. As such, Defendants are not required to respond to the allegations in this Paragraph. To the extent a response is required, admitted.

8. The allegations in Paragraph 8 of the Complaint are directed to other named defendants. As such, Defendants are not required to respond to the allegations in this Paragraph. To the extent a response is required, Defendants lack information sufficient to admit or deny the allegations in Paragraph 8 of the Complaint, and therefore Defendants deny the same.

9. Defendants admit that Tony Allen Gonzalez is the manager of AVP and that he manages the day-to-day operations of AVP. Defendants lack information sufficient to admit or deny the remaining allegations in Paragraph 9 of the Complaint. To the extent an answer is required, Defendants deny the same.

10. The allegations in Paragraph 10 of the Complaint are directed to other named defendants. As such, Defendants are not required to respond to the allegations in this Paragraph. To the extent a response is required, Defendants lack information sufficient to admit or deny the allegations in Paragraph 10 of the Complaint, and therefore Defendants deny the same.

11. The allegations in Paragraph 11 of the Complaint are directed to other named defendants. As such, Defendants are not required to respond to the allegations in this Paragraph. To the extent a response is required, Defendants lack information sufficient to admit or deny the allegations in Paragraph 11 of the Complaint, and therefore Defendants deny the same.

12. Defendant Kole admits that he is an owner of Kole Consulting Group, Inc. Defendants deny the remaining allegations in Paragraph 12 of the Complaint and demand strict proof thereof.

13. Defendant KCG admits that it is a Florida corporation with its principal place of business at 13749 NW 22nd Street, Sunrise Florida 33323 and that Daniel Kole is the sole owner of KCG, which transacts or has transacted business in this District. Defendants deny the remaining allegations in Paragraph 13 of the Complaint and demand strict proof thereof.

14. Paragraph 14 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the same.

15. Paragraph 15 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the same.

16. Defendants Kole and KCG lack information sufficient to admit or deny the allegations contained in Paragraph 16 of the Complaint. To the extent an answer is required, Defendants deny the same.

17. Defendants Kole and KCG lack information sufficient to admit or deny the allegations contained in Paragraph 17 of the Complaint. To the extent an answer is required, Defendants deny the same.

18. Defendants Kole and KCG lack information sufficient to admit or deny the allegations contained in Paragraph 18 of the Complaint. To the extent an answer is required, Defendants deny the same.

19. Defendants Kole and KCG lack information sufficient to admit or deny the allegations contained in Paragraph 19 of the Complaint. To the extent an answer is required, Defendants deny the same.

20. Defendants Kole and KCG lack information sufficient to admit or deny the allegations contained in Paragraph 20 of the Complaint. To the extent an answer is required, Defendants deny the same.

21. Defendants Kole and KCG lack information sufficient to admit or deny the allegations contained in Paragraph 21 of the Complaint. To the extent an answer is required, Defendants deny the same.

22. Defendants Kole and KCG lack information sufficient to admit or deny the allegations contained in Paragraph 22 of the Complaint. To the extent an answer is required, Defendants deny the same.

23. Defendants Kole and KCG lack information sufficient to admit or deny the allegations contained in Paragraph 23 of the Complaint. To the extent an answer is required, Defendants deny the same.

24. Defendants Kole and KCG lack information sufficient to admit or deny the allegations contained in Paragraph 24 of the Complaint. To the extent an answer is required, Defendants deny the same.

25. Paragraph 25 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the same.

26. Defendants Kole and KCG lack information sufficient to admit or deny the allegations contained in Paragraph 26 of the Complaint. To the extent an answer is required, Defendants deny the same.

27. Defendants Kole and KCG lack information sufficient to admit or deny the allegations contained in Paragraph 27 of the Complaint. To the extent an answer is required, Defendants deny the same.

28. Defendants Kole and KCG lack information sufficient to admit or deny the allegations contained in Paragraph 28 of the Complaint. To the extent an answer is required, Defendants deny the same.

29. Defendant Kole denies the allegations contained in Paragraph 29 of the Complaint and demands strict proof thereof. Kole further lacks information sufficient to admit or deny the allegations in Paragraph 29 relating to consumers' contacts with the other parties in this case.

30. Defendant Kole lacks information sufficient to admit or deny the allegations in Paragraph 30 relating to actions taken by the other parties in this case. Defendant Kole denies that he has reviewed AVP's marketing script, and denies making any changes to the same.

31. Paragraph 31 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the same. Defendants specifically deny that they violated, are violating, or are about to violate laws enforced by the Commission.

32. Paragraph 32 of the Complaint contains legal conclusions to which no response is required.

33. Paragraph 33 of the Complaint contains legal conclusions to which no response is required.

34. Defendants Kole and KCG lack information sufficient to admit or deny the allegations contained in Paragraph 34 of the Complaint. To the extent an answer is required, Defendants deny the same.

35. Defendants Kole and KCG lack information sufficient to admit or deny the allegations contained in Paragraph 35 of the Complaint. To the extent an answer is required, Defendants deny the same.

36. Paragraph 36 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants Kole and KCG lack sufficient knowledge to admit or deny the allegations, and therefore deny the same.

37. Paragraph 37 of the Complaint contains legal conclusions to which no response is required.

38. Paragraph 38 of the Complaint contains legal conclusions to which no response is required.

39. Paragraph 39 and its subparts of a-c of the Complaint contain legal conclusions to which no response is required.

40. Paragraph 40 of the Complaint contains legal conclusions to which no response is required.

41. Paragraph 41 of the Complaint contains legal conclusions to which no response is required.

42. Paragraph 42 of the Complaint contains legal conclusions to which no response is required.

43. Paragraph 43 of the Complaint contains legal conclusions to which no response is required.

44. Paragraph 44 of the Complaint contains legal conclusions to which no response is required.

45. Paragraph 45 of the Complaint contains legal conclusions to which no response is required.

46. Paragraph 46 of the Complaint contains legal conclusions to which no response is required.

47. Paragraph 47 of the Complaint contains legal conclusions to which no response is required.

48. Paragraph 48 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants Kole and KCG deny the same.

49. Paragraph 49 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants Kole and KCG deny the same.

50. Paragraph 50 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants Kole and KCG deny the same.

51. Paragraph 51 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants Kole and KCG deny the same.

52. Defendants Kole and KCG deny the allegations contained in Paragraph 52 of the Complaint.

53. Defendants Kole and KCG deny the allegations contained in Paragraph 53 of the Complaint.

54. Paragraph 54 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants Kole and KCG deny the same.

55. Defendants Kole and KCG lack information sufficient to admit or deny the allegations contained in Paragraph 55 of the Complaint. To the extent an answer is required, Defendants deny the same.

56. Paragraph 56 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants Kole and KCG deny the same.

57. Defendants Kole and KCG lack information sufficient to admit or deny the allegations contained in Paragraph 57 of the Complaint. To the extent an answer is required, Defendants deny the same.

58. Paragraph 58 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants Kole and KCG deny the same.

59. Defendants Kole and KCG lack information sufficient to admit or deny the allegations contained in Paragraph 59 of the Complaint. To the extent an answer is required, Defendants deny the same.

60. Paragraph 60 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants Kole and KCG deny the same.

61. Defendants Kole and KCG lack information sufficient to admit or deny the allegations contained in Paragraph 61 of the Complaint. To the extent an answer is required, Defendants deny the same.

62. Paragraph 62 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants Kole and KCG deny the same.

63. Defendants Kole and KCG lack information sufficient to admit or deny the allegations contained in Paragraph 63 of the Complaint. To the extent an answer is required, Defendants deny the same.

64. Paragraph 64 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants Kole and KCG deny the same.

65. Defendants Kole and KCG lack information sufficient to admit or deny the allegations contained in Paragraph 65 of the Complaint. To the extent an answer is required, Defendants deny the same.

66. Defendants deny the allegations contained in Paragraph 66 of the Complaint. Defendants Kole and KCG further deny any liability to any consumers.

The FTC's Prayer for Relief contains legal conclusions to which no response is required. To the extent a response is required to subparts A-D, Defendants deny that the FTC is entitled to any relief.

## AFFIRMATIVE DEFENSES

Discovery and investigation may reveal that one or more of the following defenses and affirmative defenses will be available to Defendants. Therefore, Defendants give notice that they intend to rely upon any other defense or defenses that may become available. Defendants further reserve the right to amend their Answer to assert any additional defenses, whether specifically identified herein or otherwise, as further information becomes available.

Defendants only undertake the burden of proof as to those defenses deemed affirmative defenses by law regardless of how such defenses are denominated herein. Without assuming the burden of proof where it otherwise lies with the FTC, Defendants assert the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

The Complaint fails to set forth facts sufficient to state a claim against Defendants.

## SECOND AFFIRMATIVE DEFENSE

(Estoppel)

The Complaint is barred, in whole or in part, by the conduct of the FTC before filing its lawsuit against Defendants and during its investigation of Defendants, inclusive of the FTC's participation in the alleged violations for which it seeks recovery, which amounts to and constitutes an estoppel of the claims and any relief sought thereby.

## THIRD AFFIRMATIVE DEFENSE

(Third parties)

Third parties over whom Defendants exercised no control are liable for all or a portion of consumers' alleged injuries by the FTC. For instance, not all complaints are attributable to telemarketing calls made by AVP and may be a case of mistaken identity.

## FOURTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

The FTC's Section 19 claims are subject to a three-year statute of limitations period. To the extent the FTC seeks recovery for alleged violations predating February 8, 2019, such claims are barred.

## FIFTH AFFIRMATIVE DEFENSE

(Offset)

Defendants allege that any monetary relief, whether by rescission, restitution, refund, disgorgement, or otherwise, that the FTC might receive is subject to offset by the chargebacks or refunds paid to customers and the benefits received by customers.

## SIXTH AFFIRMATIVE DEFENSE

(Unclean Hands)

The Complaint is barred, in whole or in part, by the conduct of the FTC before filing its lawsuit against Defendants and during its investigation of Defendants, inclusive of the FTC's participation in the alleged violations for which it seeks recovery and inclusive of its cooperation with Joseph Seriani, as the FTC knowingly allowed Mr. Seriani to make misrepresentations to consumers.

## SEVENTH AFFIRMATIVE DEFENSE

(Arbitrary, Capricious, and an Abuse of Discretion)

The Complaint is barred, in whole or in part, by the decision of the FTC to seek injunctive relief under Section 13(b) of the FTC Act, as its decision was arbitrary, capricious, and an abuse of discretion. In order to file suit against Plaintiffs under Section 13(b), the FTC must "have reason to believe" both that (1) Defendants are violating or are about to violate the FTC Act or the Telemarketing Sales Rule and (2) an injunction (pending initiation and resolution of administrative complaint procedures) would be in the public interest. The Commission's decision to file the Complaint was arbitrary, capricious, and an abuse of discretion because the FTC could not have reason to believe both that violations were ongoing or imminent and that an injunction would be in the public interest when it relied solely on the false and dated testimony of one untruthful whistleblower despite reliable testimony from others that violations were not ongoing or imminent.

## EIGHTH AFFIRMATIVE DEFENSE

(Failure to Adhere to Procedure Required by Law and/or Violation of Due Process)

The Complaint is barred, in whole or in part, by the FTC's decision to file the Complaint under Section 13(b) of the FTC Act without initiation of its administrative enforcement

procedures as set forth in Section 5 of the FTC Act, thereby failing to adhere to the procedures required by law and resulting in a due process violation for Defendants.

### NINTH AFFIRMATIVE DEFENSE

(Laches)

The Complaint is barred, in whole or in part, due to the FTC's delay in bringing its lawsuit for injunctive relief and equitable remedies. Laches is available in this case due the government's egregious behaviour in participating in, and cooperating with, the procurement of the alleged violations and alleged consumer harm for which it seeks relief.

### TENTH AFFIRMATIVE DEFENSE

(Violation of the Eighth Amendment of the U.S. Constitution)

To the extent the FTC seeks disgorgement of revenue from Defendants, the remedy sought by the FTC is an unconstitutional forfeiture in violation of the Eighth Amendment of the Constitution because it is disproportionate and over-inclusive.

### ELEVENTH AFFIRMATIVE DEFENSE

(Improperly Punitive)

To the extent the FTC seeks disgorgement of revenue from Defendants, the remedy sought by the FTC violates Section 19 of the FTC Act because the remedy is unlawfully exemplary and/or punitive.

### TWELFTH AFFIRMATIVE DEFENSE

(Fraud)

Defendants are not liable to the extent that they relied upon misrepresentations of material fact made by third parties with knowledge about the false representation, with the intent to deceive Defendants to their detriment.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Reservation of Rights)

Defendants expressly reserve the right to assert such other and further affirmative defenses as may be appropriate.

## DEMAND FOR JURY TRIAL

Defendants demand a trial by a 12-person jury on all issues appropriate for jury determination.

## RELIEF REQUESTED

Wherefore, Defendants requests that the Court:

1. That the FTC take nothing by virtue of the Complaint;

2. For judgment to be entered against the FTC and in favor of Defendants;

3. That Defendants be awarded their attorneys' fees and costs incurred in this action, and any other amounts recoverable under law; and

4. That this Court grant Defendants such other relief that this Court may deem just and proper.

Dated: November 22, 2022  Respectfully submitted,

/s/ Enjoliqué Aytch Lett
Michael R. Sklaire (pro hac vice)
Shirin Afsous (pro hac vice)
Greenberg Traurig LLP
1750 Tysons Boulevard
Suite 1000
McLean, Virginia 22102
Tel: 703-749-1308
Fax: 703-749-1300
Email: sklairem@gtlaw.com
afsoussh@gtlaw.com

>Enjoliqué Aytch Lett
>Fla. Bar No. 0104881
>GREENBERG TRAURIG, P.A.
>333 SE 2nd Avenue
>Suite 4400
>Miami, Florida 33131
>Tel: (305) 579-0640
>Email: lette@gtlaw.com
>
>*Counsel for Defendants Daniel Kole and Kole Consulting Group, Inc.*

## Certificate of Service

**I certify that on November 22, 2022,** I will electronically file the foregoing with the Clerk of Court of the United States District Court for the Southern District of Florida using the CM/ECF system, which will then send a notification of such filing (NEF) to all parties of record.

>*/s/ Enjoliqué Aytch Lett*
>Enjoliqué Aytch Lett