## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 22-CV-60298-RAR

**FEDERAL TRADE COMMISSION**,

     Plaintiff,

v.

**AMERICAN VEHICLE**
**PROTECTION CORP.**, *et al.*,

     Defendants.

_____/

### STIPULATED ORDER FOR PERMANENT INJUNCTION
### AND MONETARY JUDGMENT AS TO CERTAIN DEFENDANTS

Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint for Permanent Injunction, Monetary Relief, and Other Relief ("Complaint") for a permanent injunction, monetary relief, and other relief in this matter, pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b), and 57b.

The Commission and Settling Defendants, American Vehicle Protection Corp., CG3 Solutions Inc., d/b/a My Protection Plan, Inc., Tony Gonzalez Consulting Group, Tony Allen Gonzalez, and Charles Gonzalez, stipulate to the entry of this Stipulated Order for Permanent Injunction and Monetary Judgment ("Order") to resolve all matters in dispute in this action between them.   The Court having carefully reviewed the Order proposed by the Commission and Settling Defendants, as well as the record, and being otherwise being fully advised, it is hereby

**ORDERED AND ADJUDGED** that the Order is entered as set forth herein.

### FINDINGS

1.     This Court has jurisdiction over this matter.

2.     The Complaint charges that Settling Defendants participated in deceptive acts or

practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45 and of the Telemarketing Sales Rule, 16 C.F.R. §310, in this case involving the marketing and sale of extended automobile warranties, also known as vehicle service agreements.

3.      Settling Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order.   Only for purposes of this action, Settling Defendants admit the facts necessary to establish jurisdiction.

4.      Settling Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney fees.

5.      Settling Defendants and the Commission waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## <u>DEFINITIONS</u>

For the purpose of this Order, the following definitions apply:

A.      "**Causing Others to Initiate Outbound Telephone Calls**" includes, among other conduct: (1) contracting with any vendor, agent, or third-party who solicits sales, identifies potential customers, or sets appointments on behalf of Settling Defendants through the use of Outbound Telephone Calls; and (2) contracting with any vendor, agent, or third-party who places Outbound Telephone Calls to potential customers and then transfers those potential customers to Settling Defendants.

B.      "**Outbound Telephone Call**" means a telephone call initiated by a Telemarketer to induce the purchase of goods or services or to solicit a charitable contribution.

C.      "**Settling Defendants**" means all of the Individual Settling Defendants and the Corporate Settling Defendants, individually, collectively, or in any combination.

1.      "**Corporate Settling Defendants**" means American Vehicle Protection Corp., CG3 Solutions Inc., also d/b/a My Protection Plan Inc., Tony Gonzalez Consulting Group, Inc., also d/b/a The Gonzalez Group, and their successors and assigns.

2.      "**Individual Settling Defendants**" means Tony Allen Gonzalez and Charles Gonzalez.

D.      "**Telemarketing**" means a plan, program, or campaign which is conducted to induce the purchase of goods or services or a charitable contribution, by use of one or more telephones and which involves a telephone call, whether or not covered by the Telemarketing Sales Rule.

## ORDER

## I.      BAN ON EXTENDED AUTOMOBILE WARRANTIES AND VEHICLE SERVICE AGREEMENTS

**IT IS ORDERED** that Settling Defendants are permanently restrained and enjoined from advertising, marketing, promoting, offering for sale, or selling, or assisting others in the advertising, marketing, promoting, offering for sale, or selling, of extended automobile warranties and vehicle service agreements.

## II.      BAN ON OUTBOUND TELEMARKETING

**IT IS FURTHER ORDERED** that Settling Defendants, whether acting directly or through an intermediary, are permanently restrained and enjoined from:

A.      Initiating Outbound Telephone Calls, assisting others in initiating Outbound Telephone Calls, and Causing Others to Initiate Outbound Telephone Calls.

B.      Owning or controlling, or holding any ownership interest, share, or stock, in any company that engages in conduct banned in subsection II.A.   The foregoing shall not apply to

Settling Defendants' ownership of less than 5% of the outstanding shares of stock of a company whose shares are traded on a public stock exchange.

## III.     PROHIBITION AGAINST MISREPRESENTATIONS

**IT IS FURTHER ORDERED** that the Settling Defendants, the Settling Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with advertising, marketing, promoting, offering for sale, or selling any good or service, are permanently restrained and enjoined from misrepresenting, or assisting others in misrepresenting, expressly or by implication:

A.     Any material aspect of the nature or terms of any refund, cancellation, exchange, or repurchase policy, including the likelihood of a consumer obtaining a full or partial refund, or circumstances in which a full or partial refund will be granted to the consumer;

B.     That any person is affiliated with, endorsed or approved by, or otherwise connected to any other person; government entity; public, non-profit, or other noncommercial program; or any other program;

C.     The nature, expertise, position, or job title of any person who provides any product or service; or

D.     Any other fact material to consumers concerning any good or service, such as: the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics.

## IV.     MONETARY JUDGMENT

**IT IS FURTHER ORDERED** that:

A.      Judgment in the amount of six and one-half million dollars ($6,500,000) is entered in favor of the Commission against Individual Settling Defendants and Corporate Settling Defendants, jointly and severally, as monetary relief.

B.      Settling Defendant Charles Gonzalez is ordered to pay to the Commission three thousand dollars ($3,000), which, as Settling Defendant Charles Gonzalez stipulates, his undersigned counsel holds in escrow for no purpose other than payment to the Commission.   Such payment must be made within 7 days of entry of this Order by electronic fund transfer in accordance with instructions provided by a representative of the Commission.   Upon such payment, the remainder of the judgment as to Charles Gonzalez is suspended, subject to the Subsections below.

C.      Settling Defendant Tony Gonzalez is ordered to sell his Cartier (Calibre de Cartier Diver Watch) and Breitling (Officine Panerai Luminor Chromograph Firenze 1860) watches and transfer the resulting funds to his undersigned counsel which, as Settling Defendant Tony Gonzalez stipulates, his undersigned counsel holds in escrow for no purpose other than payment to the Commission.   Such payment must be made within 7 days of entry of this Order by electronic fund transfer in accordance with instructions provided by a representative of the Commission.

D.      Settling Defendant Tony Gonzalez is ordered to transfer all the funds in his Truist bank account ending in number 0388; and all the funds in Truist bank account ending in number 8024 to his undersigned counsel which, as Settling Defendant Tony Gonzalez stipulates, his undersigned counsel holds in escrow for no purpose other than payment to the Commission.   Such payment must be made within 7 days of entry of this Order by electronic fund transfer in accordance with the instructions provided by a representative of the Commission.

E.      Upon such payment to the Commission, as specified in Subsections C and D, the remainder of the judgment as to Tony Gonzalez, American Vehicle Protection Corp., CG3

Solutions d/b/a My Protection Plan Inc., and Tony Gonzalez Consulting Group, Inc., is suspended, subject to the Subsections below.

F.      The Commission's agreement to the suspension of part of the judgment is expressly premised upon the truthfulness, accuracy, and completeness of Settling Defendants' sworn financial statements and related documents (collectively, "financial representations") submitted to the Commission, namely:

1.      the Financial Statement of Individual Settling Defendant Tony Allen Gonzalez signed on January 25, 2023, including the attachments;

2.      the Financial Statement of Individual Settling Defendant Charles Gonzalez signed on January 30, 2023, including attachments;

3.      the Financial Statement of Corporate Settling Defendant American Vehicle Protection Corp. signed by Tony Allen Gonzalez, Owner, on February 3, 2023, including the attachments;

4.      the Financial Statement of Corporate Settling Defendant CG3 Solutions Inc. d/b/a My Protection Plan Inc., signed by Tony Allen Gonzalez, Owner, on January 30, 2023, including the attachments;

5.      the Financial Statement of Corporate Settling Defendant Tony Gonzalez Consulting Group, signed by Tony Allen Gonzalez, Owner, on February 3, 2023, including the attachments; and

6.      the additional documentation submitted by e-mail from Settling Defendants' counsel Mitchell Roth to Commission counsel Harold Kirtz, dated January 25, 2023, at 4:38 pm; dated January 30, 2023, at 4:47 pm; January 31, 2023, at 3:25 pm;

February 1, 2023, at 11:20 pm, 11:26 am, 11:28 am, 1:24 pm, 1:28 pm, 1:40 pm, 1:50 pm,

2:35 pm, 3:13 pm, 3:31 pm, and 4:47 pm; and February 2, 2023, at 1:04 pm and 6:29 pm.

G.       The suspension of the judgment will be lifted as to any Settling Defendant if, upon

motion by the Commission, the Court finds that Settling Defendant failed to disclose any material

asset, materially misstated the value of any asset, or made any other material misstatement or

omission in the financial representations identified above.

H.       If the suspension of the judgment is lifted, the judgment becomes immediately due

as to that Defendant in the amount specified in Subsection A above (which the parties stipulate

only for purposes of this Section represents the consumer injury alleged in the Complaint), less

any payment previously made pursuant to this Section, plus interest computed from the date of

entry of this Order.

## V.       ADDITIONAL MONETARY PROVISIONS

**IT IS FURTHER ORDERED** that:

A.       Settling Defendants relinquish dominion and all legal and equitable right, title, and

interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

B.       The facts alleged in the Complaint will be taken as true, without further proof, in

any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to

enforce its rights to any payment or monetary judgment pursuant to this Order, such as a

nondischargeability complaint in any bankruptcy case.

C.       The facts alleged in the Complaint establish all elements necessary to sustain an

action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C.

§ 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

D.      Settling Defendants acknowledge that their Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers) may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. §7701.

E.      All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for consumer relief, such as redress, and any attendant expenses for the administration of any redress fund.   If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other relief (including consumer information remedies) as it determines to be reasonably related to Settling Defendants' practices alleged in the Complaint.   Any money not used for such relief is to be deposited to the U.S. Treasury.   Settling Defendants have no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

## VI.    CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Settling Defendants, Settling Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are permanently restrained and enjoined from directly or indirectly:

A.      failing to provide sufficient customer information to enable the Commission to efficiently administer consumer redress.   If a representative of the Commission requests in writing any information related to redress, Settling Defendants must provide it, in the form prescribed by the Commission, within 14 days;

B.      disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, vehicle identification number

(VIN), other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that any Defendant obtained prior to entry of this Order; and

C.      failing to destroy such customer information in all forms in their possession, custody, or control within 30 days after receipt of written direction to do so from a representative of the Commission.

*Provided*, however, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## VII.    COOPERATION

**IT IS FURTHER ORDERED** that Settling Defendants must fully cooperate with representatives of the Commission in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint.   Settling Defendants must provide truthful and complete information, evidence, and testimony.   Individual Settling Defendants must appear and such Corporate Settling Defendants "must cause Settling Defendants' officers, employees, representatives, or agents to appear" for interviews, discovery, hearings, trials, and any other proceedings that a Commission representative may reasonably request upon 5 days written notice, or other reasonable notice, at such places and times as a Commission representative may designate, without the service of a subpoena.

## VIII.   ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that Settling Defendants obtain acknowledgments of receipt of this Order:

A.     Each Settling Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.     For 5 years after entry of this Order, each Individual Settling Defendant for any business that such Settling Defendant, individually or collectively with any other Defendants, is the majority owner or controls directly or indirectly, and each Corporate Settling Defendant, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees having managerial responsibilities for conduct related to the subject matter of the Order and all agents and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting.   Delivery must occur within 7 days of entry of this Order for current personnel.   For all others, delivery must occur before they assume their responsibilities.

C.     From each individual or entity to which a Settling Defendant delivered a copy of this Order, that Settling Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## IX.     COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Settling Defendants make timely submissions to the Commission:

A.     One year after entry of this Order, each Settling Defendant must submit a compliance report, sworn under penalty of perjury:

1.     Each Settling Defendant must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Settling Defendant; (b) identify all of

that Settling Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Individual Settling Defendants must describe if they know or should know due to their own involvement); (d) describe in detail whether and how that Settling Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

2.      Additionally, each Individual Settling Defendant must: (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which such Settling Defendant performs services whether as an employee or otherwise and any entity in which such Settling Defendant has any ownership interest; and (c) describe in detail such Settling Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B.   For 15 years after entry of this Order, each Settling Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1.      Each Settling Defendant must report any change in: (a) any designated point of contact; or (b) the structure of any Corporate Settling Defendant or any entity that Settling Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2.      Additionally, each Individual Settling Defendant must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which such Settling Defendant performs services whether as an employee or otherwise and any entity in which such Settling Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C.      Each Settling Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Settling Defendant within 14 days of its filing.

D.      Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.   Executed on:   _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.      Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580.   The subject line must begin:   *FTC v. American Vehicle Protection Corp.*, File No. X220010.

## X.      RECORDKEEPING

**IT IS FURTHER ORDERED** that Settling Defendants must create certain records for 15 years after entry of the Order, and retain each such record for 5 years.   Specifically, each

Corporate Settling Defendant and each Individual Settling Defendant for any business that such Settling Defendant, individually or collectively with any other Defendant, is a majority owner or controls directly or indirectly, must create and retain the following records:

      A.      accounting records showing the revenues from all goods or services sold;

      B.      personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

      C.      records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

      D.      all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

      E.      a copy of each unique advertisement or other marketing material.

## XI.    COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Settling Defendants' compliance with this Order, including the financial representations upon which part of the judgment was suspended, and any failure to transfer any assets as required by this Order:

      A.      Within 14 days of receipt of a written request from a representative of the Commission, each Settling Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying.  The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.      For matters concerning this Order, the Commission is authorized to communicate directly with each Settling Defendant.   Settling Defendant must permit representatives of the Commission to interview any employee or other person affiliated with any Settling Defendant who has agreed to such an interview.   The person interviewed may have counsel present.

C.      The Commission may use all other lawful means, including posing, through its representatives, as consumers, suppliers, or other individuals or entities, to Settling Defendants or any individual or entity affiliated with Settling Defendants, without the necessity of identification or prior notice.   Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D.      Upon written request from a representative of the Commission, any consumer reporting agency must furnish consumer reports concerning Individual Settling Defendants, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

## XII.   RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**DONE AND ORDERED** in Miami, Florida, this 27th day of March, 2023.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

**SO STIPULATED AND AGREED:**

**FOR PLAINTIFF:**

**FEDERAL TRADE COMMISSION**

Date: 3/23/23

Harold E. Kirtz, Trial Counsel
Federal Trade Commission
233 Peachtree Street, Suite 1000
Atlanta, Ga. 30303
404-656-1357
Fax: 404-656-1379
hkirtz@ftc.gov

**FOR DEFENDANTS:**

Date: 2/0/23

Mitchell Roth, Esq.
8200 Greensboro Drive
Suite 820
McLean, Virginia 22102
Phone: 703-485-3536
Fax: 703-485-3525
E-mail: mroth@rothjackson.com
Counsel for Defendants American Vehicle Protection Corp.,
CG# Solutions Inc., dba My Protection Plan, Inc., Tony Gonzalez
Consulting Group, Tony Allen Gonzalez, and Charles Gonzalez

**DEFENDANTS:**

Date:_____

American Vehicle Protection Corp.
By Tony Allen Gonzalez, President

Page 17 of 21

**SO STIPULATED AND AGREED:**

**FOR PLAINTIFF:**

**FEDERAL TRADE COMMISSION**

Date: 3/23/23

Harold E. Kirtz, Trial Counsel
Federal Trade Commission
233 Peachtree Street, Suite 1000
Atlanta, Ga. 30303
404-656-1357
Fax: 404-656-1379
hkirtz@ftc.gov

**FOR DEFENDANTS:**

Date: _____

Mitchell Roth, Esq.
8200 Greensboro Drive
Suite 820
McLean, Virginia 22102
Phone: 703-485-3536
Fax: 703-485-3525
E-mail: mroth@rothjackson.com
Counsel for Defendants American Vehicle Protection Corp.,
CG# Solutions Inc., dba My Protection Plan, Inc., Tony Gonzalez
Consulting Group, Tony Allen Gonzalez, and Charles Gonzalez

**DEFENDANTS:**

Date: 02.16.23

American Vehicle Protection Corp.
By Tony Allen Gonzalez, President

Page 17 of 21

_____   Date: 02.16.23

My Protection Plan Inc.
By Tony Allen Gonzalez, Owner

_____   Date: 02.16.23

CG3 Solutions Inc.
By Tony Allen Gonzalez, Owner

_____   Date: 02.16.23

Tony Gonzalez Consulting Group, Inc.
By Tony Allen Gonzalez, President

_____   Date: 02.16.23

Tony Allen Gonzalez, individually and as an owner, officer, or
manager of American Vehicle Protection Corp.,
My Protection Plan Inc., CG3 Solutions Inc., and
Tony Gonzalez Consulting Group, Inc.


_____   Date: _____

Charles Gonzalez, individually and as an owner, officer, or
manager of American Vehicle Protection Corp.,
My Protection Plan Inc., and CG3 Solutions Inc.

_____  Date: _____
My Protection Plan Inc.
By Tony Allen Gonzalez, Owner


_____  Date: _____
CG3 Solutions Inc.
By Tony Allen Gonzalez, Owner


_____  Date: _____
Tony Gonzalez Consulting Group, Inc.
By Tony Allen Gonzalez, President


_____  Date: _____
Tony Allen Gonzalez, individually and as an owner, officer, or
manager of American Vehicle Protection Corp.,
My Protection Plan Inc., CG3 Solutions Inc., and
Tony Gonzalez Consulting Group, Inc.


_____  Date: 2|13|2023
Charles Gonzalez, individually and as an owner, officer, or
manager of American Vehicle Protection Corp.,
My Protection Plan Inc., and CG3 Solutions Inc.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 22-CV-60298-RAR**

**FEDERAL TRADE COMMISSION**,

   Plaintiff,

v.

**AMERICAN VEHICLE**
**PROTECTION CORP.**, *et al.*,

   Defendants.

_____/

**ACKNOWLEDGMENT BY AFFIDAVIT OF RECEIPT OF ORDER**
**BY DEFENDANT _____**

1.  My name is _____; my job title is owner, and I am authorized to accept service of process on American Vehicle Protection.   I am a U.S. citizen over the age of eighteen, and I have personal knowledge of the facts set forth in this Acknowledgment.

2.  I was a Defendant and [*name of Corporate Defendant*] was a Defendant in *FTC v. American Vehicle Protection Corp.*, *et al.*, which is the court case listed near the top of this page.

3.  On [_____ __, 202_], I received a copy of the Stipulated Order for Permanent Injunction and Monetary Judgment as to Certain Defendants, which was signed by the Honorable Rodolfo A. Ruiz II and entered by the Court on March 27, 2023.   [A true and correct copy of the Order that I received is attached to this Acknowledgment.]

[4. *If affiant is also acknowledging for a Corporate Defendant:*   On [*Month ___, 202_*], [*name of Corporate Defendant*] received a copy of the [*exact full title of the Order*], which was signed by the Honorable [*Judge's name*] and entered by the Court on [*Month ___, 202_*].   The copy of the Order attached to this Acknowledgment is a true and correct copy of the Order it received.]

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.   Executed on [*Month* __, 202_].

_____
[*Full name of Defendant*]
[[individually and as an] officer of [*Corporate Defendant*]]

State of _____, City of _____

Subscribed and sworn to before me this _____ day of _____, 202__.

_____          _____
Notary Public                                          My commission expires:

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 22-CV-60298-RAR**

**FEDERAL TRADE COMMISSION,**

      Plaintiff,

v.

**AMERICAN VEHICLE**
**PROTECTION CORP.**, *et al.*,

      Defendants.

_____/

**ACKNOWLEDGMENT BY DECLARATION**
**OF RECEIPT OF ORDER BY A NON-PARTY**

I, _____, received a copy of the Stipulated Order for Permanent Injunction and Monetary Judgment as to Certain Defendants, in *FTC v. American Vehicle Protection Corp.*, *et al.*, on _____ __, 202__.

I was not a Defendant in that court case. My title or relationship with Defendant(s) _____ is _____.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____ __, 202__.

Signed:

_____